## Herbert R. Mayberry and Mary E. Mayberry v. Archibald Woodard.

1. FORCIBLE DETAINER—*Against Grantors in Possession—Parties.*—Parents, in consideration of love and affection, conveyed a farm to two sons and took from them a lease for the purpose of securing their support and maintenance, with the privilege of residing upon the premises during the life of either, and providing that a breach of the condition should operate as a defeasance of the deed. The lease was acknowledged and recorded at the same time with the deed, and at which time the grantors were living on the premises and so continued until the death of the father, after which the widow remained thereon, occupying the house on the premises with her son's family. A few years after the conveyance one of the sons sold and conveyed his interest to the other, who afterward mortgaged the premises to the plaintiff, and being unable to pay conveyed the same to him by a quit-claim deed, the grantor and his mother being then living on the premises. Afterward the mortgagee

demanded possession under his deed and brought forcible detainer against the son and his wife alone. On the trial the jury, by direction of the court, found the defendants guilty. *Held*, that as the defendants claimed possession in the mother under the life lease, the defense based upon such life lease, and all the facts and circumstances bearing upon the question of possession, should have been permitted to go to the jury for their determination under proper instructions from the court. It was error for the court arbitrarily to take the question from the jury.

**Forcible Detainer.**—Trial in the Circuit Court of Boone County; the Hon. CHARLES E. FULLER, Judge, presiding. Verdict for plaintiff, by direction of the court. Appeal by defendants. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed December 14, 1898.

ROBERT W. WRIGHT, attorney for appellants.

ALBERT E. DACY, attorney for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action for forcible detainer, brought by appellee against appellants, under the sixth paragraph of section two of the forcible detainer act, to recover the possession of a farm.

On a trial before the justice of the peace appellants had judgment, whereupon appellee prosecuted an appeal to the Circuit Court and the cause was tried *de novo;* the court directed the jury to find appellants guilty and a verdict was returned accordingly, upon which judgment was entered after a motion for new trial had been overruled. Appellants bring the cause to this court by appeal.

Prior to February 10, 1877, the lands in controversy were owned by Richard Mayberry, father of appellant Herbert R. Mayberry, and on that date the father conveyed the farm to his sons, Herbert R. and Henry C. Mayberry, the consideration expressed in the deed being natural love and affection and the covenants contained in a certain life lease of the same date, and covering the same premises, executed by the sons to the father and mother, for the purpose of securing to said Richard Mayberry and wife, so long as either should live, a support and maintenance, " with kind

and suitable attendance, medical and otherwise, in case of
sickness or need," and expressly giving to either of the
parents, so long as he or she might live, the privilege of
residing upon the premises if they should desire so to do.
The lease expressly refers to the deed and is declared to be
a part and parcel of the same, and provides that a breach of
the conditions of the lease should operate as a defeasance
of the deed. The lease was acknowledged and duly recorded.
At the time of the execution and delivery of this deed and
lease, Richard Mayberry and wife were living on the farm
in question and continued so to live there until the death
of Richard, since which time his widow, Elizabeth May-
berry, has still remained thereon occupying the house on
the premises with appellants. It appears from the evidence
of Herbert R. Mayberry that a year or two after the date of
the deed and lease above mentioned, Henry C. Mayberry
conveyed his interest in the premises to appellant Herbert
R., who was thereafter the entire owner of the same, sub-
ject, however, to the life lease. Herbert R. Mayberry, hav-
ing mortgaged the premises to appellee and being in default
thereon, to satisfy the mortgage, executed to appellee a quit-
claim deed of the premises, bearing date August 12, 1897,
for the expressed consideration of $12,000. Appellants and
Elizabeth Mayberry were then residing on the farm and in
the same house.

Appellee demanded possession under his deed and failing
to obtain it, brought this suit. Elizabeth Mayberry came
into the Circuit Court, although not a party to the suit,
and sought to interplead and set up her alleged rights under
the life lease, but this was refused by the court. Whether
this was error or not is a question not before us for deter-
mination. Elizabeth Mayberry has not prosecuted any
appeal from the decision of the court, and appellants have
not assigned the ruling for error, even if they would have
had a right to complain, which we do not now concede.

The first point insisted upon by counsel for appellants is,
that Elizabeth Mayberry was a necessary party to the suit.
We are not inclined to take that view. Appellee claimed

the right to possession under his deed from appellants. If they were grantors in possession at the time the deed was made, then under the paragraph of the statute referred to, he would be entitled to recover, so far as they were concerned, and to determine that question as against them it was not necessary to make Elizabeth Mayberry a party. She could not be divested of her rights, if any she had, without having her day in court, but we think it is not for appellants to complain for her that she is not made a party. The real question for determination was, whether appellants were grantors in possession. Appellee introduced some evidence for the purpose of proving such possession, by showing the manner in which the premises had been occupied by appellants. To rebut this proof, appellants offered in evidence the life lease to Richard and Elizabeth Mayberry, but the court refused to admit it and gave a peremptory instruction to the jury to find the defendants guilty. We think under the circumstances this was error. As we have already said, the material question was, whether or not appellants were grantors in possession. If they were not, appellee could not maintain the suit. If, as claimed by appellants, the possession was in Elizabeth Mayberry under her life lease, we think this would be a good defense to the action. We are of opinion the defense based upon the life lease, and all the facts and circumstances bearing upon the question of possession, should have been permitted to go to the jury for their determination under proper instructions from the court. It was error for the court arbitrarily to take the question from the jury.

Counsel for appellant strongly insist that the proofs as to demand of possession are insufficient, and that therefore the action can not be maintained. Upon examination of the evidence we are disposed to hold that the demand was sufficient.

But for the reasons given the judgment will be reversed and the cause remanded.